JOHN B. PIERCE FOUNDATION et al. v. PENBERTHY INJECTOR CO.

No. 19.

District Court, D. Delaware.
March 29, 1941.

Henry J. Lucke and Andrew G. Hubbard, both of New York City, and Hugh M. Morris, and Alexander L. Nichols, both of Wilmington, Del., for plaintiffs.

Charles W. Hills, Jr., and Benjamin H. Sherman (of the firm of Charles W. Hills), both of Chicago, Ill., and Herbert L. Cohen, of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is a suit under section 4918, U.S. R.S., 35 U.S.C.A. § 66. The complaint alleges that claim 8 of defendant's patent No. 2,117,389 is for the same invention as claim 4 of plaintiffs' patent No. 2,033,467. It prays that the court decree that claim 8 of defendant's patent is void and invalid. It is admitted that defendant's patent and plaintiffs' patent as to claims 8 and 4 respectively are interfering patents.

Claim 4 of plaintiffs' patent reads: "4. In an improved automatic self-policing vacuum breaker or air valve, the combination of a valve body, a chamber formed therein open at one end, an entrance passage for said chamber at the other end, a cylindrical valve seat of less diameter than the internal diameter of the chamber located in the chamber, and a resilient annular valve secured at its peripheral edge to the valve body normally out of engagement with the valve seat and seating thereon on an excess of negative pressure of fluid within the chamber, whereby reverse flow of fluid through the valve body is prevented."

Claim 8 of defendant's patent reads in language identical with claim 4 of plaintiffs' patent.

Upon termination of the Groeniger v. Yoder interference No. 71,432[1] in favor of Yoder, Yoder's application was prosecuted ex parte. In an amendment filed February 1, 1938, to the Yoder application, Yoder attempted to insert claims 4, 5 and 6 of plaintiffs' patent No. 2,033,467 as claims 26, 27 and 28 of his application. At the conclusion of office action dated February 18, 1938 the Examiner ruled: "Applicants' attention is called to the failure to point out how the copied claims may be read upon their disclosure as required by Rule 94."

As a result of the above ruling of the Examiner, Yoder cancelled claims 27 and 28 in the amendment to his application thus admitting the legality of the rejection. With regard to claim 26, a copy of claim 4 of plaintiffs' patent, Yoder made no attempt to fulfill the requirement of Rule 94 to support his right to claim 26 which appears as claim 8 in defendant's patent. Plaintiffs allege that the inclusion in defendant's patent No. 2,117,389 of claim 8 was due to some inadvertence on the part of the Patent Office. To correct this inadvertence the present suit was filed.

However claim 8 in defendant's patent acquired its present status, the question remains whether that claim is disclosed in the specifications and drawings of the Yoder patent.

Defendant relies upon the construction described in the Yoder specification and illustrated in Figure 6. The Yoder construction is wholly dissimilar from that demanded by claim 8. Plaintiffs' proofs establish that Yoder's construction does not embody any "resilient annular valve" called for by claim 8 and in particular does not embody any "resilient annular valve * * * normally out of engagement with the valve seat and seating thereon on an excess of negative pressure of fluid." Plaintiffs' expert testified: "* * * Figure 6 does not have a chamber open at one end and an entrance passage at the other end. The entrance passage is at the side and as I said, the valve is not resilient in the sense used in the specification of the patent where the claim originated nor is it annular."

To say, as Yoder does, that the structure is not annular but the whole function of the valve is annular is unconvincing. We are concerned only with the particular structure of Figure 6 of the Yoder patent.

How it operates or what are its attributes are beside the question. When asked "Do you find a hole passing through the valve structure * * *?" Yoder replied "There is no hole passing through there".

It follows that the specification of the Yoder patent lacks any disclosure to support Claim 8 of that patent. Claim 8 therefore is void.

---

[1] The subject matter of the suit in this court between the same parties, 38 F. Supp. 144, in which an opinion was this day filed.